

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILSON LOGISTICS NEVADA, INC., *et al.*,

Plaintiffs,

v.

LINCOLN GENERAL INSURANCE COMPANY, *et al.*,

Defendants.

Case No. 2:11-CV-00225-KJD-PAL

**ORDER**

Before the Court is the Motion to Dismiss (#27) filed by Defendants Kingsway America, Inc. and Kingsway Financial Services, Inc. (Collectively "Kingsway"). Plaintiffs filed an opposition (#28) and Kingsway replied (#29). Also before the Court is the Motion to Dismiss filed by Walshire Assurance Company (#31). Plaintiffs filed an opposition (#32) and Walshire Assurance filed a reply (#33).

I. Background

Defendant Lincoln General Insurance Company was Wilson Logistics Nevada, Inc.'s primary liability insurer. The other plaintiffs in this action are Lincoln General's excess insurers.

Plaintiffs issued policies indemnifying Lincoln General for judgments that exceeded the $1,000,000 limit of liability of the Lincoln General policy. Wilson Logistics was sued in Nevada state court when its agent rear-ended another vehicle. Plaintiff in the underlying action repeatedly sought to settle for the limits of the Lincoln General policy or less. At trial, the underlying plaintiff won a $6,500,000 judgment against Wilson Logistics. Wilson Logistics then settled the underlying action for $5,250,000.

Wilson Logistics and the excess insurers (collectively "Plaintiffs") are suing Lincoln General for a variety of causes of action, including bad faith, breach of the covenant of good faith and fair dealing, and subrogation. Plaintiffs also seek recovery for breach of the implied covenant of good faith and fair dealing from moving defendants Walshire Assurance and Kingsway America. According to Plaintiffs, Walshire Assurance is the alter ego of its wholly owned subsidiary Lincoln General. Plaintiffs also contend that Kingsway is the alter ego of Walshire Assurance. Plaintiffs aver that Walshire Assurance was a wholly owned subsidiary of Kingsway until October 2009 and that that Kingsway engaged in a fraudulent scheme to rid itself of Lincoln General by donating 100% of Walshire Assurance's stock to charity.

Kingsway and Walshire Assurance have moved to dismiss the breach of the implied covenant of good faith and fair dealing causes of action asserted against them. According to Kingsway and Walshire Assurance, the breach of the implied covenant claims fail because they are not in contractual privity with Plaintiffs and cannot be held liable under an alter-ego theory.

II. Legal Standard for Motion to Dismiss

In considering a motion to dismiss for failure to state a claim under FRCP 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir.1998). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir.1997) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

## III. Analysis

### A. Contractual Privity

"The implied covenant of good faith and fair dealing can only arise out of a contractual relationship." Nevada Insurance Guaranty Association v. Sierra Auto Center, 108 Nev. 1123, 1126 (1992). Plaintiffs concede that they lack contractual privity with Kingsway and Walshire Assurance. Plaintiffs instead seek to pierce the corporate veil and proceed against Kingsway and Walshire Assurance under an alter-ego theory of liability.

### B. Alter Ego

The corporate form is not lightly thrown aside. In order to state a claim for alter-ego liability in Nevada, a plaintiff must allege that: (1) the corporation is influenced and governed by the person asserted to be the alter ego; (2) there is such unity of interest and ownership that one is inseparable from the other; and (3) the facts are such that adherence to the corporate fiction of a separate entity would, under the circumstances, sanction fraud or promote injustice. See Nevada Revised Statutes § 78.747; see also Polaris Industrial Corp. v. Kaplan, 103 Nev. 598, 601, 747 P.2d 884, 886 (1987). "The question of whether a stockholder, director or officer acts as the alter ego of a corporation must be determined by the court as a matter of law." NRS § 78.747. "There is no litmus test for

determining when the corporate fiction should be disregarded; the result depends on the circumstances of each case." Polaris Industrial, 747 P.2d at 887.

C. Kingsway as Alter Ego of Wilsihre Assurance

Plaintiffs aver in their Complaint that Kingsway was the alter ego of Walshire Assurance. In order for the breach of the implied covenant to survive the Motion to Dismiss through veil piercing, Plaintiffs must plead specific facts showing that the three the elements of NRS § 78.747 are present.

1. Influence and Governance by Alter Ego

Plaintiffs' Complaint avers that the required element of influence and governance is present because "it defies logic that the Kingsway Entities could allege that they did not influence and govern Walshire" when Kingsway divested itself of all of Walshire Assurance's stock by donating 5% each to 20 different charities. (Opp. at 5.) Plaintiffs do not allege any facts showing influence and governance prior to the donation of the stock. Plaintiffs cite no authority holding that the act of transferring of stock is sufficient to show influence and governance. Plaintiffs have failed to sufficiently plead the required element of influence and governance.

2. Unity of Interest and Ownership

The following factors, though not conclusive, may indicate the existence of an unity of interest relationship: (1) commingling of funds; (2) undercapitalization; (3) unauthorized diversion of funds; (4) treatment of corporate assets as the individual's own; and (5) failure to observe corporate formalities. Lorenz v. Beltio, Ltd., 114 Nev. 795, 808, 963 P.2d 488, 497 (Nev. 1998) (citing Polaris Industrial, 747 P.2d at 887).

The Complaint contains no allegation that Kingsway and Walshire Assurance commingled funds, diverted funds, improperly used or characterized each other's assets, or failed to observe corporate formalities. Plaintiffs do not even contend that any of the corporations were inadequately capitalized. Plaintiffs aver that the current stockholders do not "have the financial resources to meet Lincoln's obligations to its customers." (Complaint ¶ 97.) The financial resources of the current stockholders is not relevant since stockholders are not liable for the obligations of a corporation. As

pointed out *supra*, Kingsway does not own Walshire Assurance. Accordingly, Plaintiffs have not pled facts showing unity of interest and ownership.

3. Sanctioning Fraud or Promoting Injustice

Plaintiffs make much of Kingsway's transfer of Walshire Assurance's stock to the charitable organizations. According to Plaintiffs, this transfer was fraudulent and an "end run around the Pennsylvania Department of Insurance." (Opp. at 5.) The Department of Insurance sued Kingsway in the Commonwealth Court of Pennsylvania for the transfer of Walshire Assurance stock. The court dismissed the case on a demurrer in favor of Kingsway. Plaintiffs cite no authority that suggests that this Court would be sanctioning fraud or promoting injustice by preserving the corporate form where the stock was transferred in the manner at issue here.

All three elements of N.R.S. § 78.747 must be present to validly state a claim a claim for alter-ego liability against Kingsway. Here Plaintiffs have failed to plead facts showing a plausible alter-ego claim for relief against Kingsway. Accordingly, Kingsway's Motion to Dismiss is granted.

D. Walshire Assurance as Alter Ego of Lincoln General

Plaintiffs' Complaint also fails to set forth facts supporting an alter-ego liability theory against Walshire Assurance. Plaintiffs argue that Walshire Assurance and Lincoln General have the same address and are represented by the same counsel. According to Plaintiffs those facts, paired with "prior fraudulent action by their parent companies ... suggests the necessity of operation of section (c) of the alter ego doctrine, needed to prevent fraud." (#32 Opp. at 4.) As previously noted, a validly stated claim under N.R.S. § 78.747 contains facts showing that all three elements of alter-ego liability are met. Plaintiffs' Complaint attempts to pierce the corporate veil using nothing more than legal conclusions and conclusory assertions. Accordingly, the alter-ego claim against Walshire Assurance is dismissed.

IV. Conclusion

Plaintiffs are not in contractual privity with Kingsway or Walshire Assurance. Plaintiffs have failed to plead facts showing alter-ego liability for the claims they assert. Accordingly, their claims

for breach of the covenant of good faith and fair dealing by Kingsway and Walshire Assurance are dismissed.

**IT IS HEREBY ORDERED** that Kingsway's Motion to Dismiss (#27) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Walshire Assurance's Motion to Dismiss (#31) is **GRANTED**.

DATED this 26th day of October 2011.

Kent J. Dawson
United States District Judge