1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7   WILSON LOGISTICS NEVADA, INC., et al.,                )
8                                          Plaintiffs,    )        Case No. 2:11-cv-00225-KJD-PAL
                                                          )
9   vs.                                                   )        **ORDER**
                                                          )
10  LINCOLN GENERAL INSURANCE COMPANY,                    )
                                                          )
11                                          Defendant.    )
                                                          )
12  ─────────────────────────────────────────────────    )

13          The court conducted a status hearing on October 2, 2012, Matthew Christian appeared in person

14  and Paul Bozych appeared telephonically on behalf of the Plaintiffs.  Wade Hansgard appeared in

15  person and Anthony Carozza appeared telephonically on behalf of Defendant.

16          Counsel for the parties advised the court that the mediation proceeded before Retired Cook

17  County, Illinois Judge O'Connell on September 10, 2012, as scheduled.  The parties engaged in a full

18  day of mediation and received a mediator proposal.  Counsel for the parties have been discussing the

19  proposal with their principals and conducting due diligence on issues related to the Defendant's

20  financial status.  The parties expect that a settlement would involve both monetary and non-monetary

21  components.  Counsel for the Plaintiffs requested an additional thirty days to determine whether the

22  parties could resolve their disputes.  Counsel for Defendant joined in the request.

23          The court advised counsel for the parties that the request for a thirty-day extension of the stay

24  would be granted.  However, the court expects that counsel for the parties will determine in the next

25  thirty days whether this matter can be resolved, or whether settlement discussions have reached an

26  impasse.  The court reminded counsel of the directive of the Civil Justice Reform Act that federal civil

27  cases should be tried within three years of the date of filing.  The parties' Stipulation and Proposed

28  Order for Stay Pending Mediation (Dkt. #67) indicated that substantial discovery remains to be

completed if the parties are unable to reach a settlement.  The court advised counsel for the parties that this case would not be left in limbo for an extended period of time while the parties determined whether they have settled or have reached an impasse.

Having reviewed and considered the matter,

**IT IS ORDERED** counsel for the parties shall have until **4:00 p.m., November 1, 2012**, to either file a stipulation for dismissal with prejudice, or a joint status report.  The joint status report shall indicate whether the parties have resolved their dispute and the time frame for completing the settlement process and filing the stipulation for dismissal.  Alternatively, if the parties have reached an impasse, the joint status report shall propose a schedule to complete the remaining discovery and case management deadlines required by LR 26-1(e).

Dated this 2nd day of October, 2012.

Peggy A. Leen
United States Magistrate Judge

2